NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0369n.06

No. 11-1644

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 05, 2012*

LEONARD GREEN, Clerk

SURESH DAKSHINAMOORTHY, R.PH.,      )
                                    )
    Plaintiff-Appellant,            )
                                    )
v.                                  )    ON APPEAL FROM THE UNITED
                                    )    STATES DISTRICT COURT FOR
NATIONAL ASSOCIATION OF BOARDS      )    THE EASTERN DISTRICT OF
OF PHARMACY; CARMEN CATIZONE,       )    MICHIGAN
                                    )
    Defendants-Appellees,           )
                                    )
and                                 )
                                    )
PROMETRIC; EDUCATIONAL TESTING      )
SERVICE; THOMSON REUTERS CORP.,     )
                                    )
    Defendants.                     )

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Suresh Dakshinamoorthy, a Michigan resident who is represented by counsel, appeals a district court judgment granting defendants' motion for summary judgment in this diversity of citizenship action.

Dakshinamoorthy's suit stems from a decision by the National Association of Boards of Pharmacy to invalidate Dakshinamoorthy's June 12, 2007, North American Pharmacist Licensure Examination score. The Association initiated an investigation concerning Dakshinamoorthy's score after Meenakshisundaram Paramasivam, Dakshinamoorthy's brother-in-law, informed the Association that someone else may have taken Dakshinamoorthy's exam for him. The Association

was also alerted by the fact that Dakshinamoorthy's most recent exam score was remarkably higher than his two previous failing scores. Following its investigation, the Association concluded that another individual may have taken the June 12, 2007, exam for Dakshinamoorthy and, in any event, that Dakshinamoorthy did not achieve the score on his own merits.

The Association notified the Michigan Board of Pharmacy that it had invalidated Dakshinamoorthy's June 12, 2007, score. In March 2008, the Board suspended Dakshinamoorthy's license and held an administrative hearing to determine whether disciplinary action should be taken against Dakshinamoorthy. In April 2008, the Board reinstated Dakshinamoorthy's license, finding that the Association's invalidation of Dakshinamoorthy's score was based upon mere speculation and conjecture. Despite the Board's ruling, the Association affirmed its invalidation of Dakshinamoorthy's score because it could not "verify that Mr. Dakshinamoorthy passed the June 12, 2007, [exam] on his own merits."

In March 2009, Dakshinamoorthy filed a complaint in the Macomb County (Michigan) Circuit Court asserting claims of negligence, libel, defamation, intentional infliction of emotional distress, and breach of contract. The case was removed to federal court on the basis of diversity of citizenship. The Association and Carmen Catizone, the Association's executive director, became the remaining defendants in this case after all other defendants were dismissed. In October 2010, the Association and Catizone moved for summary judgment, which the district court granted.

"We review de novo a district court's grant of summary judgment." *Spees v. James Marine, Inc.*, 617 F.3d 380, 388 (6th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Michigan provides immunity from civil or criminal liability to "[a] person . . . acting in good faith who makes a report; assists in originating, investigating, or preparing a report; or assists a board or task force, a disciplinary subcommittee, a hearings examiner, the committee, or the department in carrying out its duties under [Article 15 of Michigan's Compiled Laws]." Mich. Comp. Laws § 333.16244. Persons acting pursuant to Section 333.16244 are "presumed to have acted in good faith." *Id*. Article 15 includes all activities involving the Board and pharmacist licensing. *See* Mich. Comp. Laws § 333.17701 et seq. The actions of the Association and Catizone were taken to assist the Board in carrying out its duties. Dakshinamoorthy has failed to rebut the presumption of good faith afforded the Association and Catizone. Thus, the Association and Catizone are immune under Michigan law from Dakshinamoorthy's lawsuit.

Dakshinamoorthy argues that the affirmative defense of statutory immunity pursuant to Section 333.16244 was not adequately pled. In their answer to Dakshinamoorthy's complaint, the Association and Catizone based their tenth asserted affirmative defense on immunity. While the defendants could have pled the defense more precisely, the pleading was sufficient to provide Dakshinamoorthy adequate notice that the defendants may rely on a defense of statutory immunity. *See Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). Accordingly, the affirmative defense of statutory immunity was not waived.

The district court's judgment is affirmed. A pending motion to strike by the Association and Catizone is denied as moot.